**Wen Yu LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40526–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Judy K. Hunt, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: WALKER, Chief Judge, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

Wen Yu Lin, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000). We review questions of law *de novo. Secaida–Rosales,* 331 F.3d at 307.

The IJ based its conclusion on, *inter alia,* the petitioner's presentation of a false document, the inconsistencies in her statements, the improbable explanations provided for certain questions, and her demeanor during the hearing. Each of these factors used by the IJ is substantially supported by the record as a whole. They provide ample basis to support the conclusion that Lin's testimony was not credible, which in turn supported the denial of her asylum application.

Because Lin does not challenge the denial of her CAT claim in her brief to this Court, any such challenge has been waived. *See Yeuqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED and the petitioner's outstanding motion for stay of removal is DENIED.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.